UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD F. AND ZULEMA GUERRA, §§§ *Plaintiffs,* § § v. § § ALLSTATE VEHICLE AND PROPERTY § INSURANCE COMPANY § *Defendant.* § | CAUSE NO: 5:22-cv-372 |

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, Allstate Vehicle & Property Insurance Company (hereinafter "Allstate"), hereby removes this lawsuit which is currently pending in the District Court for the 166th Judicial District of Bexar County, Texas, Cause No. 2022CI05158, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

#### BACKGROUND

1.   On March 21, 2022, Plaintiffs Richard F. Guerra and Zulema Guerra ("Plaintiffs") filed their Original Petition in the 166th Judicial District Court of Bexar County, Texas, Cause Number 2022CI05158, styled *Richard F. and Zulema Guerra v. Allstate Vehicle and Property Insurance Company*.[1] Allstate was served with the subject suit on March 29, 2022.[2]

2.   Plaintiffs' lawsuit against Allstate arises from property damage to Plaintiffs' home allegedly caused by a "severe storm" "during the policy period."[3]

---

[1] *See* Exhibit "A", Plaintiffs' Original Petition.
[2] *See* Exhibit "B", Proof of Service of Process.
[3] *See* Exhibit "A" at ¶ 10.

{00780600}
Defendant Allstate Vehicle and Property Insurance Company's Notice of Removal
Page 1 of 8

3.  As against Allstate, Plaintiffs assert causes of action for breach of contract, violations of the Texas Insurance Code, Breach of the Duty of Good Faith and Fair Dealing, violations of the Texas Deceptive Trade Practices Act, and common law fraud.[4]

4.  Defendant has not answered the suit in state court.[5]

5.  The State Court's Record Search including Case History for this matter is attached hereto.[6]

## II.
### GROUNDS FOR REMOVAL

6.  This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A. Parties are Diverse

#### i. Plaintiffs' Domicile

7.  Plaintiffs are natural persons who are domiciled in Bexar County, Texas.[7] Plaintiffs have not pled any other facts of residency, intention to leave Texas, or domiciles in other States.[8] Accordingly, Allstate asserts that absent the same, Plaintiffs' citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. Although the Court may look beyond the pleadings to determine the domicile of the Plaintiffs,[9] in this case, the evidence shows that Plaintiffs are natural persons domiciled in Bexar County, Texas. Namely:

---

[4] *See Id.*, at ¶¶ 6-14.
[5] *See* Exhibit "C", State Court Docket Sheet.
[6] *Id.*
[7] *See* Exhibit "A", ¶ 2.
[8] *See* Exhibit "A", Plaintiffs' Original Petition, *generally*.
[9] *Coury v. Prot*, 85 F3d 244, 251 (5th Cir. 1996).

- Plaintiffs purchased a residential homeowner's insurance policy from Allstate for the property located at 1211 Silverton San Antonio, Texas 78251—this is the property that is the subject of the current suit (the "Property");[10]

- Plaintiffs have had the Property insured by Allstate since 2013;[11] and,

- Plaintiffs have not pled any other facts of their residency, intention to leave Texas, or domiciles in other States.

Accordingly, Defendant asserts that absent the same, Plaintiffs' citizenship at the time of filing of the suit and at the time of removal is properly established as the State of Texas.[12]

### ii. Allstate's Domicile

8. Defendant, Allstate Vehicle & Property Insurance Company is a foreign corporation incorporated under the laws of the state of Illinois, with its principal place of business is in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062, and is therefore a citizen of Illinois.[13]

### B. Amount in Controversy

9. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[14] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[15]

---

[10] *See* Exhibit "D", Form L300
[11] *Id.*
[12] *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).
[13] *Essex Ins. Co. v. Valdez*, No. CIVA SA-07-CV-072-XR, 2007 WL 1438667, at *1 (W.D. Tex. May 1, 2007), *citing* 28 U.S.C. s 1332(c); *Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1039 (5th Cir.1982). ("For the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and of the state where its principal place of business is located.").
[14] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).
[15] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10.     If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint.[16]

### i. It is facially apparent for the petition that the claim likely exceeds $75,000.00

11.     Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs pleading makes the claim that "Plaintiffs seek only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs."[17] thus it is facially apparent that amount in controversy meets the requirement set forth in 28 U.S.C. § 1332. However, even if it is determined that is not facially apparent from the petition that Plaintiffs' claims likely exceed $75,000.00, the facts in controversy support a finding that Plaintiffs' claims likely exceed that amount.

### ii. Additional Evidence of Amount in Controversy

9.      To determine the amount in controversy, the court may consider "…penalties, statutory damages, and punitive damages."[18]

10.     Here, Plaintiffs' petition seeks the following categories of damages:

- Statutory Benefits;
- Consequential Damages;
- Exemplary Damages;
- Punitive Damages;
- Treble Damages;
- Attorney's fees;

---

[16] *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).
[17] Plaintiffs' Original Petition, at ¶73
[18] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against his insurance company).

- Pre and post-judgment interest;
- Attorney's Fees; and
- Costs of suit.[19]

11.     Plaintiffs' pleading of damages clearly indicates an amount in controversy greater than the $75,000.00 jurisdictional threshold required by 28 U.S.C.[20]

12.     In addition to the foregoing, Plaintiffs' insurance policy implicates that the value of the underlying claim is in excess of the jurisdictional limits. Specifically, in determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg,* defined the "object of the litigation" as the "value of the right to be protected."[21] In *Hartford Ins. Group v. Lou-Con Inc.,* the Fifth Circuit specified that for claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim."[22]

13.     The subject homeowner's policy forms the contractual basis for Plaintiffs' breach of contract claim.[23] The subject policy provides that the limits of coverage to Plaintiffs' property at issue is $237,260.00 in dwelling protection, $23,726.00 in other structures protection, and $142,356.00 in personal property protection, $23,726.00 in additional living expenses for a total of $427,068.00 in total relevant policy coverages.[24]

14.     The policy limits for the insured property implicate an amount in controversy above the jurisdictional threshold. Those limits and the terms of the policy serve as the basis of Plaintiffs'

---

[19] *See* Exhibit "A", at ¶71.
[20] *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the plaintiff's claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).
[21] 134 F. 3d 1250 (5th Cir. 1998)(declaratory judgment action); *See also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim).
[22] 293 F.3d 908, 911 (5th Cir. 2000).
[23] *See* Exhibit "A", *generally.*
[24] *See* Exhibit "E", First Notice of Loss Snapshot

breach of contract claims.[25] Accordingly, Plaintiffs' breach of contract claim alone implicates that the value of the underlying claim is in excess of the jurisdictional limits. When combined with the extra-contractual and statutory damages alleged, the amount is well-above the threshold.

15. Further, Plaintiffs' own demand letter (the "Plaintiffs' Demand") implicates an amount in controversy that exceeds $75,000.00.[26] Plaintiffs' Demand dated January 17, 2022 asserts Plaintiffs are entitled to $184,445.36 as of the date of demand, and that Plaintiffs' demand after initiation of suit is $184,445.36, "…however the damages could increase the longer this matter remains unresolved."[27]

16. Taking into consideration Plaintiffs' pleading, the categories of damages asserted, the policy limits applicable to this specific occurrence, the contractual and extra-contractual damages claimed by Plaintiffs, and Plaintiffs' Demand, it is clear that the amount in controversy exceeds $75,000.00.

III.
**REMOVAL IS PROCEDURALLY PROPER**

17. This notice of removal is timely filed within thirty (30) after service of process upon Defendant.[28]

18. Venue is proper in this Court under 28 U.S.C. §1441(a) since the District and Division of this Court includes San Antonio County, Texas, the county where the State Court suit was filed.

19. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

---

[25] *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiff's breach of contract claim facially implicated the limits of the policy).
[26]*See* Exhibit "F", Plaintiffs' Demand Letter, dated January 17, 2022, at pg. 3.
[27] *Id.*
[28] *See* 28 U.S.C. §1441(b)(1), *See* also Exhibit "B", Proof of Service.

20. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of Bexar County District Court.

## V.
### CONCLUSION

WHEREFORE, Defendant Allstate Vehicle and Property Insurance Company requests that the Court accept jurisdiction over this action for the reasons set forth above and grant Defendant any such other and further relief to which Allstate may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

By: */s/ Jenna S. Ard*
**Jenna S. Ard**
State Bar No. 24122143
jard@valdeztrevino.com
**Michael M. Novak**
State Bar No. 24092905
mnovak@valdeztrevino.com
*Attorney for Defendant Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 18th day of April 2022, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and via e-service in the state court proceeding:

Chad T. Wilson
eservice@cwilsonlaw.com
Michael D. Jack
mjack@cwilsonlaw.com
**CHAD T. WILSON LAW FIRM PLLC**
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
*Counsel for Plaintiffs*

                                         */s/ Jenna S. Ard*
                                         **Jenna S. Ard**